## Forti Application

*Eugene G. Mirarchi, Esq.,* for petitioner.

FORTNEY, P. J., September 26, 1960.—Joseph Forti, one of the duly elected constables in the Township of Mount Carmel, in this county, has presented a petition in which he avers, "That because of the expansive area which the said Township covers, your petitioner is unable to properly conduct the duties of his office," and that he has appointed William Laughlin and Albert Pizzoli as his deputies and asks the court to approve this appointment.

The Act of June 19, 1913, P. L. 534, sec. 1, 13 PS §21, provides:

"On and after the passage of this Act, the sole power to appoint a deputy constable, or constables, in any ward, borough, or township, shall be vested in the con-

stable of such ward, borough, or township, subject to the approval of the court of quarter sessions as provided by law; and that no person shall be appointed as a deputy constable unless he shall be, at the time of his appointment, a bona fide resident of the ward, borough, or township for which he shall have been appointed, and shall continue to be a bona fide resident for the time during which such appointment is made."

A hearing was held before the writer of this opinion in which Constable Forti testified there are two elected constables in Mount Carmel Township, petitioner and one Frank Billet; that Constable Billet is aged and infirmed and confines his duties to the serving of warrants. This constable presently has one deputy. Constable Forti further testifies that he is regularly employed as a miner by a local coal company and, in addition, performs his duties as constable. He testifies his duties as constable require him to police about 60 miles of highway and keep it safe for both pedestrians and motorists. In addition, he receives frequent calls to stop vandalism in connection with the destruction of property. He receives calls in the middle of the night and is unable to properly perform these duties because of his regular employment. He asks that one deputy be approved for the eastern end and one deputy for the western end of the township. It was developed at the hearing there is no police system in Mount Carmel Township and that a State Police barracks is located two miles distant.

The office of constable itself is very ancient. When this office was first created, constables had the duty of keeping the peace in their district. For that purpose, they were armed with powers of arresting and imprisoning. Although no statute has deprived a constable of these functions, their powers are more re-

stricted today. The judiciary seems to feel called upon periodically to tell the constables what their duties are and particularly what they are not. The Act of March 20, 1810, 5 Sm. L. 161, sec. 2, authorizes justices of the peace to issue a summons or warrant of arrest directed to the constable, and the Act of July 9, 1901, P. L. 614, sec. 1, provides that writs issued by a justice of the peace shall be served in the county where they are issued by the constable. It follows, that the primary duty of the constable is the service of process issued by a justice of the peace. The attempt of Constable Forti, in the instant case, to preserve the peace in his district is to be commended, especially since he receives no remuneration for so doing. The duties he assumes, we believe, are beyond those imposed upon him by the legislature which created his office. A large volume of business, personal disability of the constable, or some other unusual condition must appear to meet the burden of showing the reason and necessity for the appointment of the deputy. The size of the township or its population is not a proper reason in the absence of incapacitation of the constable, an excessive overload or some other unusual condition: Turner Petition, 18 D. & C. 2d 429.

The Township of Mount Carmel presently has two elected constables and one deputy constable. The testimony elicited on behalf of this petition does not meet the requirements necessary to justify court approval of two deputy constables: Preno Petition, 77 D. & C. 193; Townsend's Application, 22 D. & C. 14.

Hence, the following:

### Order

And now, September 26, 1960, in view of the foregoing, the petition for the approval of the appointment of William Laughlin and Albert Pizzoli as deputy constables of Mount Carmel Township is dismissed.